JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s holding under both Issue I and Issue II.
I agree that Winchell was not entitled to an evidentiary hearing and that the District Court erred by requiring one.
However, I strongly disagree with the majority’s conclusion that 26.3.142(6), ARM, is in derogation of State statutes, and therefore, unlawful.
Section 77-6-205(2), MCA, provides that “[i]t is the duty of the board to secure the best lessees possible, so that the state may receive the maximum return possible with the least injury occurring to the land.” The same statute also provides that a “bid is not in the best interest of the state ... [if it] would cause damage to the tract....” It is not inconsistent with that statute for the Department of State Lands to conclude that prior conduct which was sufficiently detrimental to the land to cause cancellation of the lessor’s lease should disqualify the same lessor from bidding on the same lease in the future. *337 Therefore, I conclude that 26.3.142(6), ARM, is a reasonable regulation adopted in furtherance of the criteria set forth in § 77-6-205(2), MCA.
I concur with that part of Justice Hunt’s dissenting opinion in which he dissents from the majority’s decision under Issue II. However, I also dissent for the reason that the majority’s decision is contrary to the plain language of § 77-6-108, MCA, which clearly provides that “any association... authorized to hold lands under lease may lease state lands ....” There is no statutory rule which would prohibit this association from holding lands. Neither is there any prior case law in Montana which would prohibit it from doing so. All of the public policy reasons set forth by the majority for prohibiting unincorporated associations from holding title to real property would apply equally to incorporated associations. The only difference between the two types of entity is a piece of paper filed with the Secretary of State. Therefore, I conclude that the distinction between incorporated and unincorporated associations makes no practical difference.
For these reasons, I join in Justice Hunt’s dissent from Issue II, and also dissent from the majority’s decision under Issue 1.1 would reverse the judgment of the District Court and uphold the lease between the Department of State Lands and Dawson County Pheasants Forever.